**The below described is SIGNED.**

**Dated: January 31, 2011**

*/s/ R. Kimball Mosier*
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re:<br><br>Todd B. Christensen<br>Dena M. Long-Christensen,<br><br>Debtor. | Bankruptcy Number: 10-31007<br><br>Chapter 13<br><br>Judge R. Kimball Mosier |
|---|---|

**MEMORANDUM DECISION DENYING MOTION FOR INJUNCTIVE RELIEF**

On January 24, 2011, the Debtors, Todd B. Christensen and Dena M. Long-Christensen (Debtors) filed a motion to enjoin JP Morgan Chase (Chase) from proceeding to enforce its rights under state law with respect to a certain parcel of real property located in Salt Lake County, Utah (Real Property).

The Debtors' Schedule "A" filed with their bankruptcy petition states that the Real Property is held in the name of Old Garden Shed, LLC. The Real Property which is the subject matter of the Debtors' motion was transferred by Todd Christensen by Special Warranty Deed to The Old Garden Shed, LLC on May 23, 2008 and presently remains held in the name of The Old Garden Shed, LLC and not in the Debtors' names. An Order granting relief from the automatic stay was entered by this Court on December 28, 2010 permitting Chase to enforce it's state law

rights with respect to the Real Property. The Order granting relief from the automatic stay is a final order from which no appeal was taken.

## Analysis

First, and most importantly, the Real Property for which the Debtors seek injunctive relief is not property of the estate. Congress has generally left the determination of property rights in the assets of a bankruptcy estate to state law. *Barnhill v. Johnson*, 503 U.S. 393 (1992). Under Utah State law, the Real Property is the property of The Garden Shed, LLC and not of the bankruptcy estate.

Second, Debtors have failed to meet their burden to show an entitlement to injunctive relief. To obtain a preliminary injunction, the requesting party must demonstrate (1) a substantial likelihood of prevailing on the merits; (2) that irreparable harm will result unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. A preliminary injunction is an extraordinary remedy and the requesting party must demonstrate that their right to relief is clear and unequivocal. *Prairie Band of Potawomi Indians, v. Pierce*, 253 F.3d 1234 (10th Cir. 2001). Because the Real Property is not and was not property of this bankruptcy estate, and because the Debtors are not the owners of the Real Property, the Debtors have failed demonstrate any of the above required elements.

-------------------------------------------END OF DOCUMENT-------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing Memorandum Decision Denying Motion for Injunctive Relief will be effected through the Bankruptcy Noticing Center to the following parties.

Todd B. Christensen
11688 South 1700 East
Sandy, UT 84092

Dena M. Long-Christensen
11688 South 1700 East
Sandy, UT 84092

Mark M. Middlemas
Lundberg & Associates
3269 South Main Street, Suite 100
Salt Lake City, UT 84115

Kevin R. Anderson tr
405 South Main Street
Suite 600
Salt Lake City, UT 84111